UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **JOSE ANTONIO SANCHEZ,** | § § § | |
| *Petitioner*, | § § | |
| v. | § § | |
| **KRISTI NOEM**, *in her official capacity as* Secretary, U.S. Department of Homeland Security; **and MARY DE ANDA-YBARRA,** *in her official capacity* as Field Office Director, El Paso Field Office, Immigration and Customs Enforcement, | § § § § § § § § | **EP-25-CV-00588-DCG** |
| *Respondents*. | § § | |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

On this day, the Court considered Petitioner Jose Antonio Sanchez's Petition for a Writ of Habeas Corpus and Complaint for Emergency Injunctive Relief (ECF No. 1). For the reasons stated below, the Court **GRANTS** the Petition **IN PART**.

**I.   BACKGROUND**

Petitioner is a citizen of El Salvador who entered the United States without inspection over twenty years ago.[1] He has resided in the United States ever since.[2]

On November 4, 2025, Petitioner was detained by Immigration and Customs Enforcement (ICE) while working at a property in Gilberts, Illinois.[3] He is currently detained at

---

[1] *See* Pet. at 1.

[2] *Id.* at 1–2.

[3] *Id.* at 3–4.

the Camp East Montana Detention Facility in El Paso, Texas.[4]  ICE has determined that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b).[5]

Respondents don't specifically contest any of Petitioner's factual allegations.[6]

Petitioner filed the instant Petition on November 25, 2025.[7]  In it, he claims that his detention violates the Fifth Amendment of the Constitution and the Immigration and Nationality Act ("INA").[8]  On these bases, he seeks:

(a) his immediate release or a bond hearing under Section 1226(a); and

(b) attorney's fees.[9]

Respondents counter that (1) Petitioner is properly detained under Section 1225(b)(2);[10] and (2) Section 1225(b)(2)'s procedures satisfy due process as applied to Petitioner.[11]  Respondents also argue that various INA jurisdictional-stripping provisions preclude the Court from reviewing Petitioner's claims.[12]  For these reasons, Respondents argue that the Court should deny the Petition.

---

[4] *Id.* at 4.

[5] *See id.* at 4–5.

[6] *See generally* Resp'ts' Resp., ECF No. 4.  While Respondents state that "[a]ny allegations that are not specifically admitted . . . are denied," *id.* at 1, Respondents' arguments seem to accept the above allegations as true, *see generally id.*

[7] *See* Pet. at 17.

[8] *Id.* at 14–16.

[9] *Id.* at 16.

[10] Resp'ts' Resp. at 3–6.

[11] *Id.* at 7–8.

[12] *Id.* at 6–7 (arguing that 8 U.S.C. §§ 1225(b)(4), 1252(b)(9), and 1252(g) preclude the Court's review).

**II.   DISCUSSION**

The key issue here is which INA detention authority applies to Petitioner: (1) Section 1225(b)(2), which applies to "applicants for admission" who are "seeking admission" to the United States;[13] or (2) Section 1226(a), which applies to noncitizens who are already in the country.[14] The difference matters because Section 1225(b)(2) mandates detention, whereas Section 1226(a) and corresponding regulations entitle noncitizens who don't have certain criminal histories to a bond hearing.[15]

This isn't the first time that this Court has been asked to determine whether Section 1225(b)(2) applies to noncitizens who are already in the United States after entering without inspection. In *Alvarado Luna v. Warden*, this Court determined that (1) the INA's jurisdiction-stripping provisions don't preclude the Court from reviewing detention challenges brought under the INA's statutory framework or the Constitution; and (2) Section 1225(b)(2) doesn't apply to noncitizens who are already in the country.[16]

The issues here closely resemble those in *Alvarado Luna*. Like *Alvarado Luna*, Petitioner entered the United States without inspection and resided in the country for over twenty

---

[13] *See* 8 U.S.C. § 1225(b)(2); *see also Pineda v. Noem*, No. 5:25-CV-01518-XR, 2025 WL 3471418, at *5 (W.D. Tex. Dec. 2, 2025).

[14] *See* 8 U.S.C. § 1226(a); *see also Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018) ("[Section] 1226 applies to aliens already present in the United States.").

[15] *Compare* 8 U.S.C. § 1225(b)(2) (providing that noncitizens "shall be detained" pending removal proceedings), *with id.* § 1226(a)(2) (allowing the Attorney General to release noncitizens "on bond . . . or conditional parole" pending removal proceedings).

[16] *See generally* Order Granting Petition for Writ of Habeas Corpus, *Alvarado Luna v. Warden*, No. 3:25-CV-565-DCG (W.D. Tex. Dec. 29, 2025), ECF No. 10 [hereinafter *Alvarado Luna* Order].

years before he was detained.[17]  Petitioner asserts that Section 1225(b)(2)'s mandatory detention scheme doesn't apply to him,[18] and Respondents countered with near identical arguments as in *Alvarado Luna*.[19]

Having already rejected Respondents' arguments in *Alvarado Luna*, [20] the Court sees no reason to alter course here.  Rather than parrot those conclusions, the Court incorporates by reference its jurisdictional and statutory discussion in *Alvarado Luna* and concludes that (1) the Court has jurisdiction to adjudicate the Petition; and (2) Petitioner's detention under Section 1225(b)(2) is unlawful.[21]  And because, like in *Alvarado Luna*,[22] Respondents haven't identified a valid alternate source of statutory authority to detain Petitioner,[23] the Court will order Petitioner's release.[24]

---

[17] *See id.* at 21 (noting that Alvarado Luna "had been in the country for approximately twenty-six years when he was detained"); Pet. at 1–3.

[18] Pet. at 6–14.; Pet'r's Reply, ECF No. 5, at 7–10.

[19] *Compare* Resp'ts' Resp., *with* Federal Respondents' Response to Petition for Writ of Habeas Corpus, *Alvarado Luna v. Warden*, No. 3:25-cv-565-DCG (W.D. Tex. Dec. 1, 2025), ECF No. 4.

[20] *See generally Alvarado Luna* Order, *supra* note 16.

[21] *See id*.

Because Respondents' violation of the INA alone entitles Petitioner to habeas relief, the Court declines to reach Petitioner's due process claim.  *See United States v. Mendiola*, 42 F.3d 259, 260 (5th Cir. 1994) ("It goes without saying that we have a 'strong duty to avoid constitutional issues that need not be resolved in order to determine the rights of the parties to the case under consideration.'" (first citing *County Court of Ulster County v. Allen*, 442 U.S. 140, 154 (1979); then citing *Three Affiliated Tribes v. Wold Eng'g, P.C.*, 467 U.S. 138, 157–58 (1984))).

[22] *See Alvarado Luna* Order, *supra* note 16, at 22.

[23] *See generally* Resp'ts' Resp.

[24] *See, e.g.*, *Pineda*, 2025 WL 3471418, at *6 (W.D. Tex. Dec. 2, 2025) (citing *Martinez v. Hyde*, 792 F. Supp. 3d 211, 223 n.23 (D. Mass. 2025)).

This Petition, however, presents two additional wrinkles. The first is Petitioner's argument that his arrest contravened a class settlement from a case in the Northern District of Illinois (the "*Castañon Nava* Settlement").[25] That settlement (among other things) contemplates the release of certain noncitizens arrested in breach of the settlement's terms.[26] Because the Court has already determined that Petitioner's release is appropriate on other grounds,[27] the Court finds it unnecessary to address whether or how the *Castañon Nava* Settlement applies to Petitioner at this time.

The second wrinkle is Petitioner's request for attorney's fees.[28] In order to recover attorney's fees against the Government, [Petitioner] must show that the Government waived its sovereign immunity in this situation."[29] "Any waiver of the United States' sovereign immunity must be express, unequivocal, and any ambiguity therein strictly construed in favor of the sovereign."[30]

The Equal Access to Justice Act (EAJA) allows a party who prevails in a civil action against the United States to recover attorney's fees.[31] Attorney's fees under the EAJA, however,

---

[25] *See* Pet. at 4; *see generally Castañon Nava v. Dep't of Homeland Sec.*, No. 1:18-cv-03757, 2025 WL 2842146 (N.D. Ill. Oct. 7, 2025).

Petitioner's requests for relief don't seem to rely on this argument. *See* Pet. at 4, 16.

[26] *See Castañon Nava*, 2025 WL 2842146, at *5.

[27] *See supra* at 3–4.

[28] *See* Pet. at 16.

[29] *See Barco v. Witte*, 65 F.4th 782, 784 (5th Cir. 2023).

[30] *See id.* (citing *Lane v. Pena*, 518 U.S. 187, 192 (1996)).

[31] *See* 28 U.S.C. § 2412(d)(1)(A); *Barco*, 65 F.4th at 784.

"are not available in habeas corpus proceedings like this one."[32] That's because, although the EAJA presents a waiver of sovereign immunity for awards of attorney's fees in civil actions, "a habeas corpus proceeding . . . is not purely a civil action."[33] The Court therefore denies Petitioner's request for attorney's fees.

## III.  CONCLUSION

Thus, after careful consideration of the entire record,[34] and for reasons explained at length in *Alvarado Luna*, Jose Antonio Sanchez's Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED IN PART**.  It is **ORDERED** that:

1. On or before **December 30, 2025**, Respondents shall **RELEASE** Petitioner from custody, under reasonable conditions of supervision.[35]

2. On or before **December 30, 2025**, Respondents shall **FILE** a notice informing the Court of whether Petitioner has been released from custody.

3. There will be no extensions to the **December 30, 2025 deadlines**.

4. If Respondents re-detain Petitioner, Respondents shall abide by the procedures set forth in 8 U.S.C. § 1226 and corresponding regulations.

---

[32] *See Pineda*, 2025 WL 3471418, at *6 (citing *Barco*, 65 F.4th at 785).

[33] *See Barco*, 65 F.4th at 785 (quoting *O'Brien v. Moore*, 395 F.3d 499, 505 (4th Cir. 2005)).

[34] Because the relevant facts are undisputed, *see generally* Resp'ts' Resp., the Court grants relief without a hearing.  *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (citations omitted); *see also Dominguez Aviles v. Warden of ERO Camp E. Montana Det. Facility*, No. 3:25-CV-585-KC, 2025 WL 3492611, at *1 (W.D. Tex. Dec. 4, 2025).

[35] *See* 8 U.S.C. § 1231(a)(3) (requiring, as relevant here, that the alien "appear before an immigration officer periodically for identification," "give information under oath about the alien's nationality, circumstances, habits, associations, and activities, and other information the Attorney General considers appropriate," and "obey reasonable written restrictions on the alien's conduct or activities that the Attorney General prescribes for the alien").

5. If Respondents re-detain Petitioner, they shall **FILE** a notice confirming as much **within one day** after such re-detention. If Petitioner is eligible for a bond hearing under 8 U.S.C. §§ 1226(a) and (c), that notice shall **CONFIRM** the date and time on which the bond hearing will take place, not to exceed **ten days after his re-detention**.

6. Petitioner's request for attorney's fees is **DENIED**.

7. The District Clerk shall **SERVE** copies of this Order upon Respondents **and** the United States Attorney in El Paso, Texas.[36]

**So ORDERED and SIGNED this 29th day of December 2025.**

_____
**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[36] *See* Habeas Rule 4 ("[T]he clerk must serve a copy of the petition and any order on the respondent[s] and on the attorney general or other appropriate officer of the state involved.").